# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA MOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 18-351 Erie |
| v. | ) | |
| | ) | |
| JUDGE ERNEST DISANTIS, et al., | ) | District Judge Susan Paradise Baxter |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Rowena Molson commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against the following named Defendants: Judge Ernest Disantis, Jr., Attorney Andrew Weintraub, and Attorney John Moore. The "complaint" consists of an abbreviated statement of legal claims devoid of any factual allegations underlying the claims. Specifically, Plaintiff alleges the following:

> False cause, false imprisonment, false statements by criminal complaint and … discrimination by gender.

(ECF No. 1-1, Section III). As relief for her claims, Plaintiff seeks monetary damages of "$75,000.00 based on human life plus $1,000.00 paid in full by self, plaintiff based on e-bay interest verbal request no documents of a tire on e-bay by complaint." (Id., Section IV).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the

1

complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, construing the "complaint" most liberally in Plaintiff's favor, it appears that Plaintiff is attempting to state a claim under 42 U.S.C. §1983 for the violation of her federal constitutional rights. While the "complaint" vaguely alleges claims in the nature of false arrest, false imprisonment, and gender discrimination, it provides no averments as to what exactly was

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

2

done to Plaintiff, when it was done, and by whom it was done. Accordingly, the pleading is utterly devoid of factual content that would support the existence of a plausible constitutional violation, or which plausibly establish that each of the named Defendants was personally involved in the alleged misconduct.

In sum, to the extent Plaintiff's "complaint" is intelligible, it contains little more than recitations of legal phrases and conclusory allegations of wrongdoing. However, the Supreme Court has admonished that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions ...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (alteration in the original). Having failed to provide any factual predicate for any cognizable action, Plaintiff's "complaint" fails to state a claim upon which relief can be granted and will be dismissed with prejudice.

An appropriate Order follows.

_____
SUSAN PARADISE BAXTER
United States District Judge

Date: November 9, 2018